UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TYRONE HURT, ) | |
| ) | No. 4:20-CV-736-NCC |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| U.S. CONSTITUTION, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of a complaint filed by self-represented plaintiff Tyrone Hurt. Plaintiff has neither paid the filing fee, nor filed an application to proceed in the district court without payment of the filing fee. Instead, plaintiff included a "Motion for Leave to Proceed in Forma Pauperis" within the body of the complaint. The Court has reviewed plaintiff's motion, and will allow plaintiff to proceed without paying the filing fee in this proceeding. Additionally, for the reasons discussed below, the Court will dismiss this action for improper venue and as factually frivolous under *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**Background**

Plaintiff currently resides in the District of Columbia. This action is one of fifteen self-represented civil actions he has initiated *in forma pauperis* in this Court since January 21, 2020.[1]

---

[1] *See Hurt v. Bailey Realtor, Inc. LLC*, 4:20-cv-99-NAB (E.D. Mo. Jan. 21, 2020); *Hurt v. D.C. Board of Parole, et al.*, 4:20-cv-100-PLC (E.D. Mo. Jan. 21, 2020); *Hurt v. American College Dictionary, et al.*, 4:20-cv-101-RLW (E.D. Mo. Jan. 21, 2020); *Hurt v. U.S. Constitution, et al.*, 4:20-cv-525-RLW (E.D. Mo. Apr. 13, 2020); *Hurt v. U.S. Constitution, et al.*, 4:20-cv-527-SRC (E.D. Mo. Apr. 13, 2020); *Hurt v. USA, et al.*, 4:20-cv-645-AGF (E.D. Mo. May 11, 2020); *Hurt v. USA, et al.*, 4:20-cv-646-SRC (E.D. Mo. May 8, 2020); *Hurt v. USA, et al.*, 4:20-cv-647-AGF (E.D. Mo. May 11, 2020); *Hurt v. United States of America, et al.*, 4:20-cv-648-SRC (E.D. Mo. May 8, 2020); *Hurt v. American College Dictionary, et al.*, 4:20-cv-667-NCC (E.D. Mo. May 18, 2020); *Hurt v. Motel 6, et al.*, 4:20-cv-649-SRC (E.D. Mo. May 11, 2020); *Hurt v. U.S. Constitution, et al.*, 4:20-cv-721-SEP (E.D. Mo. May 21, 2020); *Hurt v. U.S. Constitution, et al.*, 4:20-cv-723-JCH (E.D. Mo. May 21, 2020); and *Hurt v. U.S. Constitution, et al.*, 4:20-cv-722-SRC

Additionally, review of plaintiff's federal court filings indicate that he has filed numerous cases in district courts across the United States. *See Hurt v. Civil Rights Lawyer*, No. 3:17-cv-39-DJH (W.D. Ky. March 22, 2017) (noting that instant case was "not the first time Hurt has brought in this Court a disjointed complaint with no connection to this jurisdiction, and, in fact, Hurt has a pattern of doing so in courts across the country"); and *Hurt v. D.C. Board of Parole, et al.*, No. 1:13-cv-5365-LAP (S.D.N.Y. Oct. 11, 2013) (noting that plaintiff has "filed hundreds of lawsuits around the country that [have] been dismissed as frivolous"). Plaintiff's propensity for filing multiple, frivolous lawsuits has subjected him to pre-filing injunctions in numerous federal courts. *See Hurt v. Nat'l Museum of African-American History & Culture*, No. 5:17-cv-97-H (E.D.N.C. May 30, 2017) (collecting cases). He has been barred from proceeding *in forma pauperis* in the United States District Court for the District of Columbia, *Hurt v. United States*, No. 1:19-cv-2785-UNA (D.D.C. Oct. 8, 2019), and barred from proceeding *in forma pauperis* on appeal in the United States Court of Appeals for the District of Columbia Circuit. *Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 311 (D.C. Cir. 2008) (per curiam).

## The Complaint

Plaintiff brings this action against the following named defendants: U.S. Constitution, United States of America, All State Courts, and United States Supreme Court.

The complaint is almost entirely illegible. It appears plaintiff asserts that this Court has jurisdiction pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 1330-1332, and 42 U.S.C. § 1975. Plaintiff alleges "that all State Court Supreme Courts in this Nation, is and has been illegal, erroneous and unconstitutional pursuant to the U.S. Constitution . . . because there is but one United States Supreme Court[.]" Plaintiff seeks $1 million in punitive damages and the "elimination and

---

(E.D. Mo. May 21, 2020).

abolishment of all State Court Supreme Courts in this Nation." Plaintiff does not provide any other facts or describe any events that occurred within this judicial district.

## Discussion

Plaintiff's complaint suffers from two defects. First, plaintiff has alleged no basis upon which to conclude that venue lies in this Court. Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction. If venue is improper, the Court must either dismiss the action or, if it is in the interest of justice, transfer the action to the proper district. 28 U.S.C. § 1406(a).

Plaintiff resides in the District of Columbia and none of the defendants appear to reside in Missouri. Moreover, there is no indication that any events or omissions that could be understood to give rise to any claim occurred within this judicial district. In sum, none of the requirements of § 1391 are present in this case and venue is therefore improper. This Court may either dismiss the action or, if it is in the interest of justice, transfer the case to the district in which it could have been brought. Here, it is not in the interest of justice to transfer this case.

Second, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed *in forma pauperis* if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). The term "'frivolous,' when applied to a complaint, embraces not only the inarguable

legal conclusion, but also the fanciful factual allegation." *Id.* A court can properly dismiss an action if the allegations in the complaint are found to be "clearly baseless." *Denton*, 504 U.S. at 32-33 (citing *Neitzke*, 490 U.S. 319). Allegations are clearly baseless if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.* Here, plaintiff's complaint is incoherent, provides no basis for how defendants violated his constitutional rights, and contains allegations that are delusional and factually frivolous under *Denton*. As a result, the Court will dismiss this action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff may proceed *in forma pauperis* in this action.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for improper venue and as factually frivolous under *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). *See* 28 U.S.C. § 1406(a); 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 9th day of June, 2020.

_Ronnie L. White_
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE